ALASKA & N. W. T. T. CO. et al v. BERNHOFFER et al.

(First Division. Juneau. May 16, 1910.)

No. 769A.

LIMITATION OF ACTIONS (§ 44*)—PUBLIC LANDS—TOWN SITES IN ALASKA.

The statute of limitations did not begin to run in favor of the claimant of a town lot in Skagway until patent had issued from the United States to plaintiff's grantors.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 220–230, 232; Dec. Dig. § 44.*]

This is a suit by the plaintiffs against the defendants to have restitution of lot 8, block 24, town of Skagway, with damages for its detention.

Plaintiffs allege that they are the owners of said lot; that they have been the owners of it since July 3, 1896; that it is embraced within United States amended survey No. 13, granted by United States patent June 5, 1902, to plaintiffs and their grantor; that, while they were such owners so seised and possessed, the defendants did in 1898 wrongfully enter upon the same and oust the plaintiffs and their grantor therefrom, and have ever since wrongfully withheld the same from plaintiffs; that the rental value of the premises is $5 per month during all such times, and that plaintiffs have repeatedly notified defendants to quit and deliver up the possession of said lot.

The defendant Charles Peterson has not appeared. The defendant Mary Bernhoffer has answered, denying plaintiff's ownership and possession since the 7th day of August, 1897, and alleges ownership in herself; alleges that she has been in the uninterrupted, notorious, open, exclusive, peaceable, visible, and adverse possession and occupancy of said premises under color and claim of title and right thereto, in hostility to any and all claim of title by the plaintiffs, continuously for more than seven years next preceding the commencement of this action, to wit, since the 27th day of August, 1897. She denies the other material allegations of the complaint, and af-

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

firmatively alleges, pleading the ten-year statute of limitations, that neither the plaintiffs nor their predecessors in interest were ever seised or possessed of the premises in question at any time within ten years before the commencement of the action; that plaintiffs' right of action is barred by the provisions of section 4, tit. 2, of the Code of Civil Procedure for Alaska. Defendant further alleges that she has made valuable improvements upon the premises, erected buildings of the value of $5,000. She prays that she be decreed the owner of the premises.

John G. Heid, of Juneau, for plaintiffs.

L. P. Shackleford and John Rustgard, both of Juneau, for defendants.

CUSHMAN, District Judge. It was conceded upon the trial that the lot in controversy is embraced within the United States amended survey No. 13, and that all the land embraced within such survey, amounting to 58.442 acres, was by a patent issued June 5, 1902, granted to J. Bernard Moore, the grantor of plaintiffs, under the Trading and Manufacturing Site Act.

It appears by the evidence that J. Bernard Moore had prior to August, 1897, entered a larger tract of land, including that embraced within this survey, under the Trading and Manufacturing Site Act; that, before any other action was taken upon his application under that law, the town of Skagway was established, a large number of people settling upon and overrunning said land in a very short time; that among these was the defendant Mary Bernhoffer. She introduced three documents on one sheet of paper, which it was contended upon the trial constituted her color and claim of title. They are as follows, to wit:

"Skagway, Alaska, Aug. 27, 1897.

"This is to certify that I am the original locator of lot 8, block 24, in the town of Skagway, and that I hereby sell my quitclaim to said lot to James Graham for the sum of one hundred and fifty dollars ($150), gold coin of the United States Government.

"Witness:                            Chas. D. Long.
    "F. H. Reid.
    "Lanee Burdon."

"I hereby transfer my wright and claim to lot number 8 in block number 24 in the town of Skagway to Miss Mary Bernhoffer for the consideration of one hundred dollars ($100).

"Witness:                                                    J. Graham.
        "F. H. Reid."

"Skagway, Alaska, Sept. 11, 1897.

"This is to certify that I, C. D. Long, have received $150.00 one hundred and fifty dollars in full for lot 8 in block 24 in the town of Skagway.

"Chas. D. Long."

She also showed that she had paid the taxes on said lot for the year 1900.

Prior to the issuance of patent to J. Bernard Moore, there was litigation in the Land Department, the inhabitants of the town of Skagway, including the defendant Mary Bernhoffer, opposing the patenting of any of this land to J. Bernard Moore and seeking to have all of the same included within the granted town site of Skagway. A settlement was effected between him and the people upon the land embraced within United States amended survey No. 13, by the terms of which they were to withdraw their opposition to his securing a patent, and he was to deed them, after securing patent, such lands as were occupied by the adverse claimants, upon the payment of 25 per cent. of the assessed valuation of the lots so held for the year 1900. The defendant Mary Bernhoffer refused to be a party to this settlement.

The only defense seriously contended for is that of the seven and ten year statutes of limitation. As above stated, patent was issued to plaintiffs' predecessor in interest June 5, 1902. This suit was begun December 3, 1908; therefore, unless the claim to possession and occupancy of the defendant prior to the issuance of patent is to avail her under the plea of the statute of limitations, neither defense of the seven year nor ten year statute of limitations will prevail.

For the reasons stated in the decision just rendered in this court in the case of Valentine v. McGrath, 4 Alaska, 102, and upon the authority of the following cases, it is decided that such prior possession, claim, and occupancy will not avail the defendant and did not start the running of the statute of lim-

itations against the plaintiffs and their predecessors in interest until the issuance of patent. Tyee Con. Mining Co. v. Langstedt, 136 Fed. 124, and cases cited therein page 126, 69 C. C. A. 548.

A ·decree will be prepared for the plaintiff in accordance with the foregoing opinion.